# EXHIBIT C-1

FOR RECORD
2021 JAN 22 AM 11:21

CAUSE NO. 21C0075-102

| | | |
|---|---|---|
| SHARON LEWIS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| U.S. XPRESS, INC. and John Does-1-5, | § | |
| Defendant. | § | BOWIE COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

The Plaintiff, **SHARON LEWIS**, (hereinafter "Plaintiff"), complaining of and about Defendants, **U.S. XPRESS, INC. and John Does 1-5** (hereinafter "Defendants"), and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff is an Individual whose address is c/o The Cain Law Firm, 111 S. Houston Street, Granbury, Texas 76048.

3. Defendant U.S. Express, Inc., is a Nevada corporation with its principal place of business located in the state of Tennessee at 4080 JENKINS RD, CHATTANOOGA, TN 3742. Service of petition and discovery and legal process will be made upon said Defendant by private process server upon its registered agent, Corporation Service Company, 2908 POSTON AVE, NASHVILLE, TN 37203.

4. Defendant's John Doe 1-5 represent the drivers, operators, maintenance persons, brokers, or other responsible parties.

## JURISDICTION AND VENUE

6. Plaintiffs seek damages within the jurisdictional limits of this court, in the maximum amount of more than $100,000, but less than $200,000 at the time of filing this suit, which, with the passage of time, may change.

7. This court has jurisdiction over the parties because Defendant regularly does business within this jurisdiction.

8. Venue in Bowie County is proper in this cause under Section 15.002(a) (1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

9. On or about January 22, 2019, Plaintiff was travelling in her 2009 Silver Honda Civic on Interstate 30 near New Boston, Texas when an unknown driver operating a truck owned by U.S. Xpress, Inc., swerved into her lane striking the driver's side door. The driver of the U.S. Xpress truck failed to stop following the collision and left the scene of the collision before the police arrived.

10. Plaintiff received injuries as a result of the collision.

11. Defendants are liable for Plaintiff's injuries

## PLAINTIFF'S CLAIM OF NEGLIGENCE

14. Separate Defendant U.S. Xpress, Inc. and John Does 1-5 had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

15. Plaintiff's injuries were proximately caused by Defendant's agent's negligent, careless and reckless disregard of said duty.

16. The negligent, careless and reckless disregard of duty of Separate Defendant's agent John Does 1-5 consisted of, but is not limited to, the following acts and omissions:

> A. In that Separate Defendant's John Doe 1-5 failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;
>
> B. Failing to control their speed;
>
> C. Failing to yield the right-of-way;
>
> D. Driver inattention;
>
> E. Being distracted in the vehicle;
>
> F. In traveling at a faster rate of speed than a person exercising ordinary care and prudence would have traveled under the same or similar circumstances;
>
> G. In failing to make a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;
>
> H. In failing to make such turning movements of the vehicle in question as would have been made by a person exercising ordinary case and prudence under the same or similar circumstances;
>
> I. Failing to take proper evasive action to avoid the collision between other vehicles and the vehicle being driven by Defendant's agent; and,
>
> J. Committing other acts of negligence, all of which were a proximate cause of the occurrence in question.

17. Further, nothing Plaintiff did or failed to do caused or contributed to cause the occurrence made the basis of this suit. To the contrary, the occurrence was proximately caused by the negligence, as that term is understood in law, of Defendant's agent.

## GROSS NEGLIGENCE

18. Plaintiff adopts the allegations of above-listed paragraphs and incorporates the same where relevant.

19. When viewed objectively from the standpoint of the Defendants at the time of its occurrence, Defendants' conduct of operating a vehicle while distracted, at an unsafe speed and colliding with Plaintiff's vehicle and failing to stop and leaving the scene of the collision involved an extreme degree of risk especially considering the probability and magnitude of the potential harm to others.

20. In addition, Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Therefore, Plaintiff sues for Exemplary Damages in the amount determined ty the trier of fact as further alleged below.

## DAMAGES FOR PLAINTIFF

21. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer injuries and damages, and to incur the following damages:

A. Reasonable medical care in the past;

B. Reasonable and necessary medical care which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Mental anguish in the past; and

H. Mental anguish in the future.

## NOTICE PURSUANT TO TRCP 193.7

22. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff gives notice to Defendant

that any and all documents produced during discovery by Defendant may be used against the Defendant, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document.

## JURY DEMAND

23. Plaintiff demands a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*/s/ Peter J. Rutter*
**PETER J. RUTTER**
Texas Bar No. 00791586
E-Mail: pete@cainfirm.com

**W. BRETT CAIN**
State Bar No.24048379
E-Mail: bcain@cainfirm.com
E-Service: eservice@cainfirm.com

**THE CAIN LAW FIRM, PC**
111 S. Houston Street
Granbury, Texas 76048
Telephone: (817) 573-4300
Facsimile: (817) 573-4848
**ATTORNEYS FOR PLAINTIFF**

**TO DEFENDANT ONLY:**   This is a legal document which is extremely time sensitive.
You should **IMMEDIATELY** forward a copy of this document
To your insurance agent or representative to secure coverage.

## DEFINITIONS AND INSTRUCTIONS

1. **"DOCUMENTS"**. When the word "document(s)" or "documentation" is used in these discovery requests, it means any written, typed, printed, graphic or photographic matter, or sound reproductions however produced or reproduced, including copies of computer or data processing input or output in whatever form, including electronic and magnetic data. Without limiting the generality of the foregoing, all letters, telegrams, cables, wires, notes, memoranda, accounts, ledgers, books, statements, draft s, transcripts, agreements, contracts, policies, minutes, records, diaries, journals, logs, manuals, calendars, governmental forms, computer or data processing input or output, maps, plats, moving or still pictures, diagrams, plans, drawing s, specifications, measurements, microfilm, written statements or reports, recordings, e-mail reduced to hard copy, samples or other physical objects of whatever nature now or formerly in the possession, custody or control of the party to whom these Discovery Requests are directed.

(a) The terms **"writing"** or **"written"** are intended to include, but not necessarily be limited to the following: hand writing, typewriting, computer printouts, printing, photographing, e-mail reduced to hard copy, and every other means of recording upon any tangible thing or any form of communication , including letters, words, pictures, sounds or symbols or combinations thereof; and it further includes any oral communications later reduced to writing or confirmed by a letter.

(b) Whenever the identification of documents or objects is called for in these discovery requests, the party to whom these discovery requests are directed shall provide the date of the document, model and serial number of the object, if .any, the brand of the object, name of manufacturer and date of manufacture. In lieu of identification as stated above, Defendant may produce for inspection and copying such documents or objects and/or manuals identifying such objects.

With regard to documents requested to be produced, please produce the original of said documents for inspection and copying or provide complete and clear legible copies of same with immediate opportunity to review the originals.

(c) If the party to whom these interrogatories and request s are directed contends that the content of a document or the answer to an interrogatory is protected from disclosure by virtue of a privilege, or if the party objects to such discovery on any other grounds, it is intended and

requested that the party shall, nevertheless, with respect to such document or answer requested, provide a description thereof, including:

(1) A statement of the privilege or objection whereby they contend that such discovery is protected from disclosure;
(2) Each and every fact upon which they rely to support such claim of privilege or objection;
(3) The type of document (e.g., letter, memorandum, telegraph, telefax, note);
(4) The date of each such document or writing;
(5) The author of each such document or writing;
(6) The person or persons to whom each such writing or document was directed;
(7) The person or persons to whom each such writing or document was supplied; and
(8) The general subject matter of each such document or writing.

## 2. "IDENTITY" "IDENTIFY" or "IDENTIFICATION":

(a) **When used in reference to a natural person,** "identity" "identify" or "identification" means to state his or her full name and present or last known address, present employer (if employed by the party to whom this Discovery is directed, then identify the particular organization for whom he or she worked), present employer, specifying in each instance the title or position and the dates so held.

(b) **When used with respect to a document,** "identity", "identify" or "identification" means to state the date, subject and substance, author, all recipients, type of document (e.g., letter, telegraph, memorandum, computer printout, sound reproduction, chart, etc.), its present location and the identity of its present custodian. This shall include documents with respect to which a privilege is or may be claimed, if such document was, but no longer is, in your possession or subject to your control, state whether it is (1) missing or lost; (2) has been destroyed; (3) has been transferred voluntarily to others; or (4) has been otherwise disposed of. In each such instance explain the circumstances surrounding an authorization for such disposition.

(c) **When used with respect to an occasion, event, meeting or conversation,** "identity", "identify" or "identification" means to state the date, place, duration and persons attending or participating.

3. **"PERSON" or "PERSONS"** includes natural persons, including agents, servants and/or employees of this Defendant, firms, partnerships, associations, joint ventures, corporation and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

4. **"YOU" or "YOUR"** means the Defendant answering the requests.

5. **"ACCIDENT," "THE INCIDENT" or "THE OCCURRENCE IN QUESTION"** means the incident made the basis of this lawsuit that occurred on or about January 22, 2019 as more fully set out in Plaintiff's Original Petition.

6. **"THIS SUIT," "THIS LAWSUIT," or "THE LAWSUIT"** shall mean the lawsuit referenced in the above-entitled and numbered cause.

In the event that your answer to any discovery request is "not applicable" or any similar phrase or answer, please explain in detail why that discovery request is not applicable.

In the event that your answer to any discovery request is "don't know" or "unknown" or any similar phrase or answer, please explain in detail all efforts made by you or your attorneys or representatives to obtain the response to that discovery request.

When a discovery request asks that you or your attorney provide information concerning what a witness may testify about, that request is int ended to elicit a summary of any and all information that any witness may have provided to you regardless of whether they may so testify at trial.

These discovery requests should be deemed continuing in nature and you are requested to update your responses periodically to reflect any information obtained after the discovery request s are initially responded to, to include all information up to, and including, the date of trial in this action, in accordance with the Texas Rules of Civil Procedure.

Unless otherwise stated, answers to these discovery requests shall be given for the time period ending with the date answers or responses hereto are served. To the extent that such answers or responses may be enlarged, diminished or otherwise modified by information acquired or discovered by you subsequent to service of initial answers or responses, you are directed to promptly thereafter serve supplemental answers or response s reflecting such information.

You are further notified that your answer s and responses to these discovery requests may be offered in evidence at the trial of this case. You are further advised that your answers or responses to these requests must be supplemented (not less than 30 days prior to the beginning of trial) when you obtain information upon the basis of which:

    (1) You know an answer or response was incorrect when made or incomplete when made;

    (2) You know that the answer or response, though correct when made, *is* no longer true and complete, and the circumstances are such that to fail to amend your answers or responses would be, in substance, misleading; or

    (3) If the party expects to call an expert witness whose identity and subject matter of such witness testimony has not been previously disclosed in response to an appropriate discovery request, such answer must be supplemented and/or amended to include the name, address and telephone number of the expert witness and the substance of the expert witness' expected testimony. This should be done as soon as practical, but in no event less than thirty (30) days prior to the beginning of trial except for good cause granted by leave of Court.

**Document Authentication.** We will assume that each document you produce is authentic. We hereby notify you that we will use each document you produce in pretrial proceedings or at trial. If you contend a document you produce to us is not authenticated, within 10 days after you produce the document, you must serve us with your specific objection to the authenticity of the document. Your objection must be either on the record or in writing and must have a good faith factual and legal basis. Your objection to the authenticity of only part of a document does not affect the authenticity of the remainder. If you make an objection, we hereby request a reasonable opportunity to establish its authenticity and to inspect the original document. TRCP 193.7 and 196.3(b).

## FIRST SET OF INTERROGATORIES

1. Please state the full name, address, telephone number, date of birth, driver's license number, social security number, and occupation of the person answering these interrogatories.

2. Please state whether or not any insurer has denied coverage, or indicated that it is reserving its right to deny coverage, refuses to provide a defense, or refuses to pay all or part of any judgment, and, if so, please identify every document containing or referring to any such denial, refusal, or reservation of rights.

3. List all criminal arrests and/or charges against you for theft, a crime of moral turpitude, or a felony by giving the cause number; identities of all accused; court of jurisdiction; description of criminal charges; date and place of arrest; plea made; date of trial and/or plea bargain; whether or not convicted and on what charges; time served; date of release from confinement; whether or not granted pardon or parole, and if so, date pardon granted or parole was or will be successfully completed.

4. For any consulting experts whose mental impressions and opinions have been reviewed by a testifying expert, please state or provide all the discovery authorized by Rule 192.3(e) Texas Rules of Civil Procedure. A complete answer will include a list of all witness fees paid within the past five years.

5. Please state completely and fully all representations, statements, declarations or admissions made by Plaintiff. Include in your answer when the communication was made, the total verbatim communication and, if that is not possible, then state the detailed substance of the communication, by whom the communication was made, where such communication took place, and all persons present when such communication was made.

6. Please identify (by title, author, editor, edition, publisher, date of publication, section, portion, and page) every published treatises, periodical, or pamphlet on a subject of history, medicine, or other science or art that you may offer to use in the trial of this case under Rule 803(18) of the Texas Rules of Evidence.

7. Do you contend that any personal injuries or damages sustained by any Plaintiff herein was caused by an occurrence other than the collision made the basis of this suit, such as a disease, injury or physical condition, either before or after the incidents made the basis of this case? If so, describe in detail such other occurrence, disease, injury or condition.

8. Do you contend that any Plaintiff herein or a third party violated any traffic laws at the time or immediately prior to the collision? If so, describe what you contend to be the violation or give the statute number of the violation.

9. If you contend that the collision in question was an "unavoidable accident," describe in detail what you believe to be the cause of the accident, to the exclusion of the conduct of any Plaintiff or Defendant.

10. If you contend that the collision in question was the result of a "sudden emergency," describe in detail what you believe the sudden emergency was.

11. If you contend that someone else's conduct or something else is the "sole proximate cause" of the accident in question, describe in detail the identity of that person, or what exactly caused the collision.

12. Do you intend to attempt to impeach the Plaintiff herein, or any employee, agent, representative, attorney or any other natural person or business or legal entity associated in any way with or acting or purporting to act for or on behalf of any Plaintiff herein, with evidence of a criminal conviction, if any, as described in Rule 609 of the Texas Rules of Evidence? If so, please describe in detail such evidence, giving name of accused, nature of conviction and charges on which convicted, year of conviction and whether or not parole has been successfully completed or pardon granted.

13. State the Style, Court and Cause number of any lawsuit you have been a party to and the final disposition of said suit.

14. Please state any and all traffic violations you have had in the five (5) years preceding this collision. Please indicate if you have had your driving license revoked due to any of these violations and the period of time your license was revoked.

15. Please state whether you have had any other motor vehicle accidents in the past five (5) years. If so, please list the date and location of such accident, the parties involved and a factual description of the accident.

16. Please identify the last place you had been immediately prior to the collision as well as the intended destination had the collision not occurred. In your response please identify your reason for being at both locations, respectively.

17. Please identify the first and last name of anyone you had verbal or electronic communication with within 1 hour prior to the collision, and within 1 hour after the collision.

18. Describe any defect that you believe, or have reason to believe, was present in the road or in the marking or signage on the road that either caused or contributed to the collision in question.

19. Do you believe that the weather or a weather condition was a factor or contributed in any way to the collision in question? If so, please describe said weather or weather condition, and why you believe it was a factor or how it contributed to the collision in question.

20. Where you in the course and scope of your employment at the time of the accident? If so, state the full name, telephone number, address and your immediate supervisor for your employer and indicate if you hold or held any ownership interest in this business.

21. If you were injured as a result of the collision made the basis of this suit, please describe the injuries and identify where on your body you received the injuries.

## FIRST REQUESTS FOR PRODUCTION

1. The front and back of your driver's license.

2. The title to the vehicle you were driving at the time of the collision made the basis of the suit.

3. Any and all photographs, slides, motion pictures, videotapes and other films that Defendant has of the vehicles, parties or scene in question following the collision made the basis of this suit.

4. All records of any type indicating that there were any mechanical or cosmetic problems or repairs concerning the vehicles involved in the collision in question during the twelve months preceding the collision.

5. Any and all accident or incident reports prepared in connection with the incident in question.

6. All exhibits Defendant will introduce at trial.

7. All records obtained from claims, reporting services, including but not limited to the Southwest Index Bureau (SWIB) and Choicepoint Consumer Center (CLUE), regarding the Plaintiff.

8. The Defendant's claim file(s) relative to the claim made the basis of this suit, prepared and compiled up to the date this suit was filed in this Court, including but not limited to all notes, records, entries, documents, memos, correspondence, photographs, videotapes, and written information contained therein.

9. All documents which Defendant may use under Texas Rules of Evidence to impeach testimony given by Plaintiff or other witnesses in this case.

10. All documents reflecting medical reviews or audits conducted on Plaintiff's medical treatment or expenses, including correspondence between Defendant and/or his insurance company and counsel and medical review personnel.

11. All accident reconstruction reports prepared by or for Defendant in connection with the collision made the basis of this suit.

12. Any and all repair estimates concerning repairs for damages to the vehicles involved in the collision made the basis of this lawsuit.

13. Documentation of any property damage or personal property damage payment(s) made to Plaintiff or Defendant in connection with the collision made the basis of this suit.

14. Documents reflecting the disposition of any traffic citations you received in connection with the collision made the basis of this suit.

15. Documents sufficient to identify the charge and resolution of any of your criminal conviction for felony offenses or crimes involving moral turpitude within the past ten years.

16. Documents sufficient to identify and describe any corrective lenses used by you or prescribed for you at the time of the collision made the basis of this suit.

17. Please sign and return the attached authorization for cell phone records for the date(s) stated therein and for each cellular telephone owned or operated by you at the time of the collision made the basis of this suit.

18. For each consulting expert whose work product or opinions have been reviewed or relied upon by a testifying expert in this case, please produce all documents reflecting the expert's name, address and telephone number and the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, the expert's current resume and bibliography, and all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared for the consulting expert in connection with this case.

19. Documents sufficient to identify each claim made against Defendant in the State of Texas in the last ten years that are similar to the claims made by Plaintiff, i.e. where an individual is alleged to have been injured or damaged as a result of Defendant's negligent operation of a motor vehicle.

20. If Defendant was acting in the course and scope of employment with any person or entity at the time of the collision in question, all personnel records of Defendant for the ten year period preceding the incident in question through the present date including all incident and accident reports contained in Defendant's employer's files.

21. Copies of all procedures or manuals used in evaluation of Plaintiff's claim used by Defendant, his employees, agents, or representatives, made the basis of this lawsuit.

22. Produce a full and complete certified copy of all liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

23. Produce a full and complete certified declaration page for all liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or time of the occurrence in question.'

24. Produce a full and complete copy of all applications for all liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

25. Produce a full and complete certified copy of all umbrella and/or excess and/or secondary liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

26. Produce a full and complete certified declaration page for all umbrella and/or excess and/or secondary liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

27. Produce a full and complete copy of all applications for all umbrella and/or excess and/or secondary liability insurance policies issued by any insurance company in which Defendant is a named insured and/or a covered person/entity or company that were in full force at the date and/or the time of the occurrence in question.

28. Produce a full and complete certified copy(s) of any and all insurance agreements and/or policies, including, but not limited to, primary, umbrella, personal umbrella, excess, secondary policies (and including all endorsements, schedules and amendments) applicable to the date, incident or claims in question (regardless of whether on a claims made or occurrence basis) potentially obligating any insurance company(s) to pay a potential judgment in this case for the claims asserted against Defendant.

29. In the event the claims upon which the lawsuit is based are being handled by any insurance carrier under a reservation of rights, please produce a full and complete copy of all communications to and from the carriers concerning any and all such reservations.

30. In the event the pertinent policies are aggregate policies and the annual aggregates have been reduced, please produce a copy of any and all settlement documents and/or agreements relevant to the payment of such claims that have caused any reduction of such aggregates.

31. In the event the pertinent policies are "wasting" policies (for example, the payment by the insurance carrier of the defense attorney's fees and costs and expenses reduce the available liability policy limits), please produce a copy of any and all documents, invoices, receipts and canceled checks relevant to the payment of such defense litigation costs and expenses that have caused any reduction of such liability policy limits.

32. Full and complete copies of any and all documents and records concerning the Plaintiff that were obtained by and/or in the possession of Defendant from any source.

33. Full and complete copies of any and all medical records and information concerning the Plaintiff that were obtained by and/or in the possession of Defendant from any source.

34. Full and complete copies of any and all medical bills concerning the Plaintiff that were obtained by and/or in the possession of Defendant from any source.

35. Full and complete copies of any and all depositions on written questions including all exhibits, records and documents and things attached thereto from any person, company, entity, or source obtained by and/or in the possession of Defendant from any source concerning any issue or party or witness or potential witness in this case.

36. Full and complete copies of any and all employment records and documents concerning the Plaintiff that were obtained by and/or in the possession of Defendant from any source.

37. Full and complete copies of any and all medical information and/or records and/or documentation, including but not limited to medical records, medical expenses, x-rays or any other diagnostic test, employment records, criminal records, social security records, divorce/family law related records, educational records, unemployment records, disability records, health insurance records and/or any other insurance records or information, concerning the Plaintiff that were obtained by and/or in the possession of Defendant through deposition, deposition on written questions, subpoena, court order, authorization or any other source.

## REQUESTS FOR DISCLOSURE TO DEFENDANTS

Pursuant to Rule 194, you are requested to disclose within fifty (50) days of service of this request and petition herewith, the information or material described below.

(a) The correct names of the parties to this lawsuit.

(b) The names, addresses, and telephone numbers of any potential parties to this lawsuit.

(c) The legal theories, and in general, the factual basis of the responding party's claims of defenses.

(d) The amount of any method of calculating of economic damages.

(e) The name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

(f) For any testifying expert:

    (1) The expert's name, address and telephone number;

    (2) The subject matter on which the expert will testify;

    (3) The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information.

    (4) If the expert is retained by, employed by or otherwise subject to the control of the responding party:

        (A) All documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B) the expert's current resume and bibliography.

(g) Any discoverable indemnity and insuring agreements.

(h) Any discoverable settlement agreements.

(i) Any discoverable witness statements.

(j) All medical records and bills that are reasonably related to the injuries and damages asserted or in lieu thereof, an authorization permitting the disclosure of such medical records and medical bills.

(k) All medical records and medical bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l) The name, address and telephone number of any person who may be designated as a responsible third party.